FRANK ZORRILLA, SECRETARY OF LABOR OF THE COMMON-
WEALTH OF PUERTO RICO, ETC., Plaintiff and Appellee, *v.*
CEMENTERIO CATÓLICO PORTA COELI, INC., ET AL., De-
fendants and Appellants.

No. R-65-11.     Decided June 11, 1965.

*Dubón & Dubón* for appellants. *Manuel Janer Mendía* and *Eddie Gaud* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

JUDGMENT

San Juan, Puerto Rico, June 11, 1965

The Secretary of Labor, in representation and on behalf of certain workers, filed claim against appellant for unpaid wages in accordance with Mandatory Decrees Nos.

11 and 44 applicable to the construction industry. After the case was heard, the trial court, in its findings of fact, determined that the workers were employees of appellant, which operates a cemetery in Bayamón; that the work they perform consists in the excavation of graves and the mixing of cement to fill molds used in those graves; that the manner of making the graves is the following: with pick and shovel they dig the grave and level it. After it is leveled they put in it a prefabricated concrete frame made by the same employees and for the construction of which they use iron rods and cement; after placing the leveled concrete frame within the leveled grave, the bottom is made with cement and sand. That when the workers were not performing this type of work, they worked in the weeding, upkeep, and maintenance of the cemetery as well as keeping in good condition the equipment used in connection with the inhumation of corpses and the ornamenting and conservation of the grass and the grounds in general.

The trial court concluded as a question of law that Mandatory Decrees Nos. 11 and 44 for the construction industry cover the case of these workers in their construction work of graves, and sustained the complaint.

■ ■ After examining the text of Mandatory Decrees Nos. 11 and 44 and their broad coverage, appellee has not convinced us that said mandatory decrees were not applicable to the claimant-workers in the work mentioned. Said decrees must be applied and construed as provided by law in a liberal manner in favor of the workers. See: *Commissioner of Labor v. Llamas,* 73 P.R.R. 847 (1952), and *Sierra Núñez v. Construction Equipment Corp.,* 90 P.R.R. 136 (1954), where we said: "The essential basis for fixing minimum wages, defining and classifying industries pursuant to that statute— 29 L.P.R.A. § 223—is the nature of the services to be rendered by the employee who performs them, no matter in what

type of occupation the enterprise or employer employing him is engaged."

The judgment appealed from rendered by the Superior Court, San Juan Part, on December 11, 1964, will be affirmed.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ

*Chief Justice*

I attest:

(s) IGNACIO RIVERA

*General Secretary*